QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Samuel B. Shepherd (163564)
  Victoria F. Maroulis (202603)
555 Twin Dolphin Drive, Suite 560
Redwood City, CA 94065
(650) 620-4500
(650) 620-4555 (Facsimile)

JENNER & BLOCK LLP
  Donald R. Harris
  Ronald L. Wanke
  Terrence J. Truax
One IBM Plaza
Chicago, IL 60611
(312) 222-9350
(312) 527-0484 (Facsimile)

Attorneys for Plaintiff
  Renesas Technology Corp.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| RENESAS TECHNOLOGY CORP.<br><br>                        Plaintiff,<br><br>    v.<br><br>NANYA TECHNOGLOGY CORP. and<br>NANYA TECHNOLOGY CORPORATION,<br>USA,<br><br>                        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. C03 05709 BZ<br><br>COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF,<br>DEMAND FOR JURY TRIAL,<br>AND CERTIFICATION OF<br>INTERESTED ENTITIES OR<br>PERSONS |

Plaintiff Renesas Technology Corp., by its attorneys, complains against Nanya Technology Corp. and Nanya Technology Corporation, U.S.A., and alleges as follows:

## PARTIES

1. Plaintiff Renesas Technology Corp. ("Renesas") is a corporation organized under the laws of Japan with its principal place of business at 4-1, Marunouchi 2 chome, Chiyoda-ku, Tokyo, Japan.

2. Defendant Nanya Technology Corp. ("Nanya Taiwan") is a corporation organized under the laws of Taiwan, the Republic of China, with its principal place of business at Hwa-Ya Technology Park 669, Fushing 3 Road, Kueishan, Taoyuan 333, Taiwan, R.O.C. On information and belief, Nanya is sometimes translated from Chinese into English as Nan Ya and/or is also referred to as Nan Ya. In addition, Nanya Technology Corp. is sometimes referred to as Nan Ya Technology Corp. Nanya Taiwan manufactures or causes the manufacture of semiconductor products in Taiwan, imports its products or causes importation into the United States and sells its products for importation into the United States. In addition, Nanya Taiwan's semiconductor products are marketed and sold throughout the United States, including within this District.

3. Defendant Nanya Technology Corporation, U.S.A. ("Nanya USA"), is a corporation organized under the laws of the State of California, with its principal place of business at 675 E. Brokaw Road, San Jose, California 95112. Nanya USA is a subsidiary of Nanya Taiwan, and markets either directly or indirectly semiconductor products made by Nanya Taiwan throughout the United States, including within this District. Nanya USA is sometimes also referred to as Nan Ya USA.

## JURISDICTION AND VENUE

4. This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b) because Defendants are aliens and/or reside in this District, the Defendants are authorized to do business, are doing business and/or have a regularly established place of business in this District, and the Defendants have committed acts of infringement in this District.

## THE PATENTS

6. United States Patent No. 5,448,520 (the "'520 patent") entitled "Semiconductor Memory," was duly and legally issued by the United States Patent and Trademark Office on September 5, 1995. A copy of the '520 patent is attached hereto as Exhibit 1.

7. United States Patent No. 5,732,037 (the "'037 Patent"), entitled "Semiconductor Memory," was duly and legally issued by the United States Patent and Trademark Office on March 24, 1998. A copy of the '037 patent is attached hereto as Exhibit 2.

8. United States Patent No. 5,493,572 (the "'572 patent") entitled "Semiconductor Integrated Circuit With Voltage Limiter Having Different Output Ranges for Normal Operation and Performing of Aging Tests," was duly and legally issued by the United States Patent and Trademark Office on February 20, 1996. A copy of the '572 patent is attached hereto as Exhibit 3.

9. United States Patent No. 5,566,185 (the "'185 Patent"), entitled "Semiconductor Integrated Circuit," was duly and legally issued by the United States Patent and

Trademark Office on October 15, 1996. A copy of the '185 patent is attached hereto as Exhibit 4.

10. United States Patent No. 5,377,156 (the "'156 patent") entitled "Semiconductor Device Incorporating Main and Stand-By Boosted Internal Power Supply for Compensating for Deviation on Operating Condition and Fabrication Process Conditions," was duly and legally issued by the United States Patent and Trademark Office on December 27, 1994. A copy of the '156 patent is attached hereto as Exhibit 5.

11. United States Patent No. 5,822,267 (the "'267 Patent") entitled "Semiconductor Device Incorporating Internal Power Supply for Compensating for Deviation in Operating Condition and Fabrication Process Conditions," was duly and legally issued by the United States Patent and Trademark Office on October 13, 1998. A copy of the '267 patent is attached hereto a Exhibit 6.

12. United States Patent No. 6,125,075 (the "'075 patent") entitled "Semiconductor device Incorporating Internal Power Supply for Compensating for Deviation in Operating Condition and Frabication Process Conditions," was duly and legally issued by the United States Patent and Trademark Office on September 26, 2000. A copy of the '075 patent is attached hereto as Exhibit 7.

13. Renesas is the owner of all rights, title and interest in and to the '520, '037, '572, '185, '156, '267, and '075 patents (the "Renesas Patents") and is entitled to sue for past and future infringement.

14. Renesas by itself and through subsidiaries manufactures, markets, and sells semiconductor products and licenses the Renesas Patents to third parties.

## BACKGROUND

15. The Renesas Patents cover inventions relating to semiconductor memories, including dynamic random access memories ("DRAMs"), synchronous DRAMs ("SDRAMs"), DRAM and SDRAM modules, and similar semiconductor memories (collectively "DRAM-type products"). DRAM-type products are widely used in a variety of electronic products, including computers, facsimile equipment and telecommunications equipment.

16. The Renesas Patents involve important and basic inventions for DRAM-type products including SDRAMs. The importance of the patents have resulted in widespread adoption and use of the inventions. The patents are licensed worldwide to numerous companies making semiconductor memories including DRAMs and SDRAMs.

17. The predecessor owner to the Renesas Patents was Hitachi, Ltd. ("Hitachi"). On April 1, 2003, Renesas was formed, and each of the Renesas Patents, along with all rights and causes of action thereunder, were assigned to Renesas.

18. Defendants have, by themselves or have caused others, to import into, sell and offer for sale in the United States DRAM-type products, including but not limited to 256 megabit (256M) SDRAMS. Also, Defendants have induced others to import, sell or offer to sell in the United States DRAM-type products.

19. In August 2000, when Hitachi was the owner of the Renesas Patents, Hitachi filed a patent infringement action in this district against Nanya Taiwan and Nanya USA based on the '037 patent, '185 patent, and the '267 patent. The products primarily at issue in that litigation were a smaller capacity than the Defendants' current products, namely, 16 M and 64 M

5

DRAM-type products then, as opposed to the higher capacity 256 M products that currently constitute a large portion of Defendants' sales.

20. Hitachi initiated the litigation in August 2000 only after attempting in good faith to negotiate with Nanya Taiwan a license for the patents. Prior to completing discovery, the parties settled that litigation with Nanya Taiwan agreeing to take a license from Hitachi for the patents in-suit in that litigation and certain other semiconductor-related patents, and Hitachi then agreed to dismiss the litigation against Nanya Taiwan and Nanya USA.

21. While some of the Defendants' current DRAM-type products have a higher capacity than the accused products at issue in the litigation filed in August 2000, these higher capacity DRAM-type products incorporate core circuitry which is the same or similar to the core circuitry found in the previously accused products. Because the Defendants' higher capacity DRAM-type products include the same core circuitry, those products also use the inventions found in the Renesas Patents.

22. Prior to the expiration of the license with Nanya Taiwan in December 2002, Hitachi attempted in good faith to negotiate a renewal of the license agreement with Nanya Taiwan, and after expiration of the license continued to negotiate on its behalf and then on behalf of Renesas to reach an agreement. Despite those good faith efforts, the Defendants have refused to enter into such a license agreement for the Renesas Patents. Nevertheless, the Defendants have continued to import and/or caused others to import into the United States and to market and/or sell in the United Sates DRAM-type products covered by the Renesas Patents. Also, the Defendants have induced others to import into the United States and to market and/or sell in the United Sates DRAM-type products covered by the Renesas Patents.

23. Defendants have had actual notice and knowledge of the Renesas Patents and the infringement thereof. The filing of this Complaint also constitutes notice in accordance with 35 U.S.C. § 287. Despite such notice, Defendants continue to import into and sell in the United States, and /or induced others to import into and sell in the United States DRAM-type products covered by the Renesas Patents.

## COUNT I – Infringement of the '037 Patent

24. Renesas repeats and realleges the allegations in paragraphs 1-23, inclusive.

25. Defendants have infringed, and/or induced infringement of and are continuing to infringe or induce infringement of the '037 patent with respect to DRAM-type products which incorporate the invention of the '037 patent.

26. Defendants' infringement of the '037 patent has been willful. Defendants' continued infringement of the '037 patent has damaged and will continue to damage Renesas.

27. Defendants' infringement of the '037 patent has caused and will continue to cause Renesas irreparable harm unless enjoined by the Court. Renesas has no adequate remedy at law.

## COUNT II – Infringement of the '520 Patent

28. Renesas repeats and realleges the allegations in paragraphs 1-23, inclusive.

29. Defendants have infringed, and/or induced infringement of and are continuing to infringe or induce infringement of the '520 patent with respect to DRAM-type products which incorporate the invention of the '520 patent.

7

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, DEMAND
FOR JURY TRIAL, AND CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

30. Defendants' infringement of the '520 patent has been willful. Defendants' continued infringement of the '520 patent has damaged and will continue to damage Renesas.

31. Defendants' infringement of the '520 patent has caused and will continue to cause Renesas irreparable harm unless enjoined by the Court. Renesas has no adequate remedy at law.

### COUNT III – Infringement of the '572 Patent

32. Renesas repeats and realleges the allegations in paragraphs 1-23, inclusive.

33. Defendants have infringed, and/or induced infringement of and are continuing to infringe or induce infringement of the '572 patent with respect to DRAM-type products which incorporate the invention of the '572 patent.

34. Defendants' infringement of the '572 patent has been willful. Defendants' continued infringement of the '572 patent has damaged and will continue to damage Renesas.

35. Defendants' infringement of the '572 patent has caused and will continue to cause Renesas irreparable harm unless enjoined by the Court. Renesas has no adequate remedy at law.

### COUNT IV – Infringement of the '185 Patent

36. Renesas repeats and realleges the allegations in paragraphs 1-23, inclusive.

37. Defendants have infringed, and/or induced infringement of and are continuing to infringe or induce infringement of the '185 patent with respect to DRAM-type products which incorporate the invention of the '185 patent.

38. Defendants' infringement of the '185 patent has been willful. Defendants' continued infringement of the '185 patent has damaged and will continue to damage Renesas.

39. Defendants' infringement of the '185 patent has caused and will continue to cause Renesas irreparable harm unless enjoined by the Court. Renesas has no adequate remedy at law.

### COUNT V – Infringement of the '156 Patent

40. Renesas repeats and realleges the allegations in paragraphs 1-23, inclusive.

41. Defendants have infringed, and/or induced infringement of and are continuing to infringe or induce infringement of the '156 patent with respect to DRAM-type products which incorporate the invention of the '156 patent.

42. Defendants' infringement of the '156 patent has been willful. Defendants' continued infringement of the '156 patent has damaged and will continue to damage Renesas.

43. Defendants' infringement of the '156 patent has caused and will continue to cause Renesas irreparable harm unless enjoined by the Court. Renesas has no adequate remedy at law.

### COUNT VI – Infringement of the '267 Patent

44. Renesas repeats and realleges the allegations in paragraphs 1-23, inclusive.

45. Defendants have infringed, and/or induced infringement of and are continuing to infringe or induce infringement of the '267 patent with respect to DRAM-type products which incorporate the invention of the '267 patent.

46. Defendants' infringement of the '267 patent has been willful. Defendants' continued infringement of the '267 patent has damaged and will continue to damage Renesas.

47. Defendants' infringement of the '267 patent has caused and will continue to cause Renesas irreparable harm unless enjoined by the Court. Renesas has no adequate remedy at law.

### COUNT VII – Infringement of the '075 Patent

48. Renesas repeats and realleges the allegations in paragraphs 1-23, inclusive.

49. Defendants have infringed, and/or induced infringement of and are continuing to infringe or induce infringement of the '075 patent with respect to DRAM-type products which incorporate the invention of the '075 patent.

50. Defendants' infringement of the '075 patent has been willful. Defendants' continued infringement of the '075 patent has damaged and will continue to damage Renesas.

51. Defendants' infringement of the '075 patent has caused and will continue to cause Renesas irreparable harm unless enjoined by the Court. Renesas has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Renesas Technology Corp. respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Adjudge that Defendants are infringing the Renesas Patents;

B. Adjudge that Defendants' infringement of the Renesas Patents was willful, and that Defendants' continued infringement of the Renesas Patents is willful;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF, DEMAND
FOR JURY TRIAL, AND CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

C. Enter an order preliminarily and permanently enjoining Defendants from any further acts of infringement of the Renesas Patents;

D. Award Renesas damages in an amount adequate to compensate Renesas for Defendants' infringement of the Renesas Patents, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

E. Enter an order trebling any and all damages awarded to Renesas by reason of Defendants' willful infringement of the Renesas Patents, pursuant to 35 U.S.C. § 284;

F. Enter an order awarding Renesas interest on the damages awarded and its costs pursuant to 35 U.S.C. § 284;

G. Enter an order finding that this is an exceptional case and award Renesas its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

H. Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: December 17, 2003              RENESAS TECHNOLOGY CORP.

                                      By: _____
                                      Samuel B. Shepherd
                                      Victoria F. Maroulis
                                      QUINN EMANUEL URQUHART
                                        OLIVER & HEDGES, LLP

                                      Donald R. Harris
                                      Ronald L. Wanke
                                      Terrence J. Truax
                                      JENNER & BLOCK LLP

                                      Attorneys for Plaintiff Renesas Technology Corp.

## JURY DEMAND

Plaintiff Renesas Technology Corp. hereby demands a trial by jury.

Dated: December 17, 2003

By: /s/ V.F. Maroulis
Samuel B. Shepherd
Victoria F. Maroulis
QUINN EMANUEL URQUHART
 OLIVER & HEDGES, LLP

Donald R. Harris
Ronald L. Wanke
Terrence J. Truax
JENNER & BLOCK LLP

Attorneys for Plaintiff Renesas Technology Corp.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities have the below described (i) financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: Hitachi, Ltd., a Japanese corporation, and Mitsubishi Electric Corporation, a Japanese corporation, each have a material ownership interest in the plaintiff.

Dated: December 17, 2003

RENESAS TECHNOLOGY CORP.

By: *[signature]*
Samuel B. Shepherd
Victoria F. Maroulis
QUINN EMANUEL URQUHART
  OLIVER & HEDGES, LLP

Donald R. Harris
Ronald L. Wanke
Terrence J. Truax
JENNER & BLOCK LLP

Attorneys for Plaintiff Renesas Technology Corp.