*E-Filed 8/18/05*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENESAS TECHNOLOGY CORP., <br><br> Plaintiff, <br><br> v. <br><br> NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORPORATION, USA, <br><br> Defendants. | Case No. C03-05709 JF (HRL) <br><br> **ORDER ON NANYA'S MOTION TO STRIKE RENESAS' PATENT LOCAL RULE 3-1 PRELIMINARY INFRINGEMENT CONTENTIONS** |
| NANYA TECHNOLOGY CORP. and NANYA TECHNOLOGY CORPORATION, USA, <br><br> Counterclaim Plaintiffs, <br><br> v. <br><br> RENESAS TECHNOLOGY CORP., <br><br> Counterclaim Defendant. | |

On August 16, 2005, this court heard the motion of defendant Nanya Technology Corporation (Nanya) to strike Renesas' Patent Local Rule 3-1 Preliminary Infringement Contentions. Plaintiff Renesas Technology Corporation (Renesas) opposed the motion. Based upon the papers submitted, and the arguments of counsel, the court DENIES the motion.

//

# BACKGROUND

## I. Factual Background

Both parties are designers and manufacturers of semiconductors used in personal computers and other electronic devices. Renesas sued Nanya, alleging that Nanya products infringe seven of its patents for the design of circuitry for a type of semiconductor memory structure known as Random Access Memory ("RAM"). RAM is the basic memory component of personal computers. Renesas accuses 160 Nanya products, all relating to a specific type of RAM, called "Dynamic Random Access Memory" (DRAM), of infringing its patented designs.

## II. Procedural Background

It has been close to two years since this suit was originally filed, yet the parties are still skirmishing over preliminary contentions. Renesas initially served its Preliminary Infringement Contentions (PIC's) pursuant to Patent L.R. 3-1 on April 28, 2004. Believing the PIC's to be deficient, Nanya requested that the parties meet and confer to discuss them. Those meet and confer efforts led to an agreement that Renesas would provide revised PIC's, which was done. Nanya then moved to strike Renesas' First Amended PIC's, arguing that they still failed to comply with the requirements of Patent L.R. 3-1. This court denied the motion to strike, but did require Renesas to amend its PIC's. Under Local Rule 72-2, Nanya objected to this court's order, urging the trial judge to set it aside. Judge Fogel overruled Nanya's objections, clarifying and affirming this court's order. Later, after obtaining leave of the court, Renesas served its Second Amended PIC's. The Second Amended PIC's are the subject of this motion.

### A. Nanya's First Motion to Strike

In its motion to strike the First Amended PIC's, Nanya claimed that Renesas had not met the requirements of Patent Local Rule 3-1 because it had not adequately addressed each accused product individually. Renesas had asserted that all of the infringing products fell into two categories for the purpose of infringement analysis, each category representing one type of infringing circuitry. It admittedly had not produced charts for each accused product because, based on its pre-filing investigation, it concluded that this would result in 160 copies of identical circuitry. Therefore, it produced two diagrams (Figures 1 and 2) that it believed represented the infringing circuitry in all of

1   the accused products. This court decided that Renesas had conducted a sufficient pre-filing
2   investigation under Fed. R. Civ P. 11 to support this contention, and therefore was not required to
3   produce Preliminary Infringement charts for each product that it accused. Rather, its two figures
4   representing the infringing circuitry for all the products, in addition to its seven charts and
5   accompanying diagrams (one for each patent-in-suit), were sufficient to meet the requirements of the
6   Patent Local Rules.

7   Nanya also claimed that Renesas' PIC's did not adequately identify where each element of
8   each asserted claim was found in each accused product. This court agreed, and ordered Renesas to
9   amend its PIC's to the extent necessary to specifically identify where in each product each element of
10  each claim was found, or to state the reasons why it was unable to do so.

11  Soon afterwards, Nanya filed its objections with the trial judge, claiming that this court's order
12  was clearly erroneous. Nanya argued that, because its products fell into eleven distinct product
13  families, Renesas' claim of identical circuitry was wrong. Therefore, went the argument, any Patent
14  Local Rule 3-1 contentions based on this incorrect assumption were necessarily inadequate. The
15  district judge overruled Nanya's objection, finding that Nanya had not sufficiently addressed the issue
16  before this court to make it a basis for overruling the November 10 order. The district judge also
17  overruled Nanya's other objections, and affirmed this court's order with minor clarifications.

18  **B.  Nanya's Second Motion to Strike**

19  Nanya's second Motion to Strike Renesas' Preliminary Infringement Contentions is presently
20  before this court. Nanya now argues that, despite Renesas' amendments, its Second Amended PIC's
21  suffer the same deficiencies as before: (1) Renesas has failed to provide any disclosures for products
22  falling into nine of the eleven accused product families, and (2) Renesas has failed to point out where
23  each element of each claim can be found within the accused products. Nanya asserts that it is not
24  barred from raising these arguments again because the subject of this motion is a new, amended set of
25  PIC's, and because Renesas has received new discovery that it should have used to cure the problems
26  in its First Amended PIC's.
27  //
28  //

1    Renesas opposes Nanya's motion.  Primarily, Renesas argues that Nanya improperly recycles
2 arguments from last motion, and that the present motion is really a disguised motion for reconsideration
3 of the earlier order.

## DISCUSSION

### I. Effect of Prior Orders

Initially, it is appropriate to address Renesas' claims that Nanya is barred from bringing this motion because of its unsuccessful prior motion to strike.  Renesas also argues that Nanya has waived any new arguments it raises here that were not raised in its last motion because the current motion is essentially one for reconsideration.  This court disagrees.

Renesas has not cited any legal authority that would bar Nanya from bringing this motion. Since the motion is based on a new set of PIC's, it is not truly a motion for reconsideration, despite the fact that the Second Amended PIC's are not substantially different from the first.  Thus, the court will proceed with its analysis of the motion on its merits.

### II. Patent Local Rule 3-1

Patent L.R. 3-1 provides that a plaintiff in a patent infringement action must serve PICs setting forth "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party" and identifying for each claim "each accused apparatus, product, device, process, method, act, or other instrumentality ('Accused Instrumentality') of each opposing party of which the party [claiming infringement] is aware." PATENT L.R. 3-1(a) & (b).  A plaintiff must also provide a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." *Id.* at 3-1(c).

The Patent Local Rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *Integrated Circuit Systems v. Realtek Semiconductor Co.*, 308 F. Supp. 2d. 1106, 1107 (N.D. Cal. 2004).

//
//
//
//

4

### III.     Must Renesas Provide Disclosures for All Accused Products?

####     A.     Parties Arguments

Nanya argues that Renesas has failed to provide any disclosures for products falling into nine of the eleven accused product families. Nanya asserts that Renesas cannot reasonably claim that all the accused products are substantially similar based on the pre-filing investigation it conducted.

In support, Nanya cites extensively from declarations from C.J. Chang, its Deputy Director of the Design Division, and Jason Wu, a Senior Engineer at Nanya.[1] These declarations state that Nanya divides its products into families. The products accused in this case fall into eleven different families: Orion, Draco, Venus, Scorpion, Saturn, Mars, Wildcat, Aquila, Mercury, EDO/FPM and Gaia. The products in each family are derived from the same basic architecture, but products in different families can have substantial architectural differences. Each family of products is designed with different technology partners, and is designed "from the ground up." One area where the product families vary is the process size. Process size refers to the size of the basic circuit features, and this size effects the speed at which the product functions. Finally, the Chang declaration asserts that reverse engineering a product from one family will not provide reliable information concerning the characteristics of a product in a different family.

Nanya further argues that this court's prior determination that Renesas' Rule 11 investigation was sufficient does not mean that its has complied with Rule 3-1. Nanya claims that "an inference of infringement, no matter how reasonable, does not serve the notice function of Patent L.R. 3-1, which is to inform the defendant of how each product is alleged to infringe." Thus, Nanya asserts, Renesas must "investigate" (reverse engineer) each product, and show where each element of each claim can be found in each one of the accused products.

Renesas maintains that its pre-filing investigation was adequate despite the alleged differences between the product families. It reversed engineered three of Nanya's products, and then, using Nanya's Part Numbering Guide, was able to determine that all of Nanya's products have virtually identical infringing circuitry. Renesas acknowledges some difference between products, but it

---

[1] The Wu declaration was originally submitted in support of Nanya's Objections to the Court's November 10, 2004 Order, and is presented here as Exhibit S to the Young Declaration.

maintains that these differences are immaterial for the purposes of its infringement analysis. In support, Renesas relies on the declaration of William J. Dally, Professor of Engineering and Chairman of the Computer Science Department at Stanford University. Prof. Dally declares on the basis of Nanya product schematics that Nanya's product families were not designed independently from the ground up. Rather, each family's design was derived or based on the design of another family. He also says that Nanya's various technology partners often worked together on designing products. Finally, he concludes that the products have "identical sense amplifier circuit topologies" and provides a description of this common circuitry.

In its Reply brief, Nanya argues that, because Renesas' patent claims describe very specific circuit structures, it is required to demonstrate how the various structures in the accused products meet the asserted claims. Nanya then attempts to describe actual differences in the circuitry of its product families. It uses as one example the "word line driver circuitry." Nanya claims that the "word line driver circuitry" in Renesas' PIC Figures E-1 and E-2 does not correspond to the "word line circuitry" in the accused Draco family products. Quoting the Supplemental Declaration of C.J. Chang, it states, "[t]he actual Draco circuit uses different components that are connected together in different ways, when compared to Figure E-2." It provides a pictorial comparison between Renesas' depiction of the infringing circuitry with the actual circuitry of the Draco products.

### B. Legal Standard

The Federal Circuit has held that "the standard of FRCP 11 pre-filing inquiry establishes a minimum level of detail that Patent LR 3-1 requires." *Network Caching Technology v. Novell*, 67 U.S.P.Q.2d 1034, 1038 (N.D. Cal. 2002), 2002 WL 32126128 *4. To satisfy the Rule 11 investigation requirement, a plaintiff need only provide "sufficient evidence to convince the court that reverse engineering would not provide more detail regarding any potential infringement." *Id.* at 1038, *5. Plaintiff's investigation "must be sufficient to permit a reasonable inference that all accused products infringe." *Antonius v. Spaulding & Eveflo Cos.*, 275 F.3d 1066, 1075 (Fed. Cir. 2002)

### C. Analysis

In its November 10 order, this court decided that Renesas' pre-filing investigation was adequate under Rule 11 and under Patent L.R. 3-1. For present purposes, it was not necessary to

6

reverse engineer a product from every one of what Nanya claims are its 11 different product "families." The analysis and opinions offered by Prof. Dally were sufficient in this court's mind to link all accused products regardless of what families they were in. That was this court's opinion then, and it is still its opinion. No one disputes that there are differences in the architecture of product families, but Renesas convincingly asserts that the differences do not make a "difference" for preliminary infringement-analysis purposes.

Nanya fails to satisfy the court that Renesas is wrong. It waited until its Reply brief to describe any actual differences between the products. True, the Supplemental Declaration of C.J. Chang elaborates on the differences between the components used in the circuitry of Nanya's various products compared to that depicted in Renesas' PIC diagrams. But, these differences appear to be slight, mostly surrounding layout, and do not undermine Renesas' claim that the product differences are not material to Renesas' infringement contentions.[2] Renesas' Second Amended PIC's provides adequate notice to Nanya *about Renesas' theories of infringement*. This is all that is required at this time.

**IV.     Has Renesas Failed to Specifically Point Out Where Each Element of Each Asserted Claim Can be Found in the Accused Product?**

   **A.     Parties Arguments**

Nanya claims that Renesas has failed to specifically point out where each element of each asserted claim can be found in the accused products, as required by Patent L.R. 3-1 and this court's November 10 order. It lists several categories where Renesas' Second Amended PIC's are inadequate:[3]

   1)    Deficiencies in contentions for the '572 and '185 patents:

   •    Does not identify Rates and Predetermined Voltages;

---

[2]Furthermore, Nanya's decision to wait until its Reply brief to detail these differences prevented Renesas from having a fair opportunity to respond to them.

[3]Nanya states that these categories are only examples to aid the court and do not represent the entire universe of problems in Renesas' Second Amended PIC's. It claims that because it is not Nanya's burden to point out each deficiency, its limited discussion here is not meant to concede that Renesas' disclosure for any claim element not specifically highlighted meets the requirements of Patent L.R. 3-1.
   The court will not consider (either now or later) any alleged deficiencies not specifically raised in this motion.

7

1 • Provides inconsistent definition of Internal Power Supply Means/Reference
2 Voltage Generating Means;
3 2) Deficiencies in Contentions for the '156, '267, '075 Patents:
4 • Does not identify Voltage Generator Circuits;
5 • Does not provide measurements for Current Voltage and Amplitude Levels;
6 3) Deficiencies in Contentions for the '520 and '037 Patents:
7 • Does not identify where Coupling occurs.

Renesas claims that has complied with the November 10 order by either curing these deficiencies, or by describing why it was unable to do so.

**B.     Legal Standard**

Patent Local Rule 3-1(c) states that a party claiming infringement shall provide a "chart identifying specifically where each element of each asserted claim is found within each Accused Element."  "[It] does not require [plaintiff] to produce evidence of infringement or to set forth ironclad and irrefutable claim constructions," nor does it require a plaintiff to provide support for its contentions. *Network Caching Technology Corp. v. Novell*, 2003 WL 21699799 *4 (N.D. Cal. March 21, 2003) (*Network Caching II*).

**C.     Analysis**

The court's November 10 order stated:

> [Renesas' claim] charts are adequate, as they go beyond restating the claim language, and map the claims onto focused schematics for each patent.  However, to the extent that Renesas has not specifically identified where in each product each claim is found, it shall amend its PIC's to do so.  If it is unable to do so at this point, it should state the reasons why.[4]

**1.     Contentions for the '572 and '185 Patents.**

**i.     Rates and Predetermined Voltages**

Nanya complains that Renesas still has not identified the actual voltage amounts for the various voltages it identifies in its claim charts ("third rate," "third dependence," "second rate," etc.).  Nanya asserts that "Patent Local Rule 3-1 demands that the accuser identify the required 'predetermined

---

[4] In making this ruling, the court did not expect Renesas to amend PIC's that Nanya did not challenge. Rather, the court intended that Renesas would amend those PIC's that Nanya demonstrated were deficient in this respect.

8

1 second voltage,' 'reference voltage' and the 'third [second] rate' elements in the graphs provided by
2 Renesas."

3 Renesas responds that nothing in the Rule, case law, or this court's order requires it to identify
4 voltage values. It has, however, specifically identified the circuitry responsible for generating these
5 various voltages and identified where in each product the circuitry is found.

6 The court agrees with Renesas. Nanya cites no authority for its statement that Renesas must
7 identify the specific voltage amounts. Renesas has identified where the circuitry responsible for
8 generating these various voltages is found in the accused product. Renesas also explains why it is
9 unable to calculate voltages. It notes that "the circuitry in Nanya's products responsible for generating
10 those values appears to be controlled through the use of proprietary signals." *See* Second Amended
11 PIC's at 6. This disclosure complies with the court's prior order and the Patent Local Rules.

### ii. Internal Power Supply Means/Reference Voltage Generating Means

14 Nanya argues that Renesas' "definition of 'internal power supply means' is inherently
15 inconsistent with its definition of the 'reference voltage generating means."

16 Renesas responds that it has identified where it believes the "internal power supply means" and
17 the "reference voltage generating means" are found in Nanya's products. Renesas further argues that
18 the alleged inconsistency Nanya points to is an issue of claim construction, and should properly be
19 resolved by the trial court.

20 The court again agrees with Renesas. Renesas has identified where these items appear in the
21 accused products. Thus, it has complied with the requirements of the Local Rules and this court's
22 order. This court at this juncture has no way to determine whether or not Renesas' definitions in this
23 area are inconsistent, or whether Nanya's interpretation of Renesas claim language is accurate. This
24 appears to be an issue for claim construction.

### 2. Contentions for the '156, '267, '075 Patents
#### i. Voltage Generator Circuits

27 Nanya argues that Renesas' contentions for these items are confusing and incomplete. It
28 claims that Renesas states that "the first voltage generator comprises nine charge pump circuits" but

9

1  then only identifies the location of a single charge pump. It also argues that Renesas' contention that
2  the circuitry in the charges pumps is identical is not supported by an adequate investigation.

3  Renesas responds that it has identified the voltage generators described in the claims. It notes
4  that for some claims, it indicates that a particular voltage generator comprises multiple charge pumps,
5  but only shows one charge pump in the figures. It explains that the circuitry in each charge pump is
6  identical, so it has left out charge pumps where they appear in groups in an effort to simplify its
7  diagrams. Renesas further states that it has a sufficient basis for contending that the charge pump
8  circuitry is identical, which it has provided to Nanya, along with a diagram that identifies where the
9  multiple identical charge pumps can be found.

10  The court finds that Renesas' identification of the voltage generator circuits is sufficient to meet
11  the requirements of the court's order and the Local Rules. Nanya's argument that Renesas should
12  further complicate its diagrams with identical structures despite the fact that it has already provided
13  another diagram that does so seems to elevate form over function. Nanya is fully aware of Renesas'
14  position in this area, and the court will not ask Renesas to draw multiple identical circuits as long as it
15  has identified where these circuits are found.

### ii. Current Voltage and Amplitude Levels

17  Nanya argues that Renesas has not identified the specific values of the voltages and currents
18  that it identifies in its Second Amended PIC's (e.g. "predetermined potential voltage," "small output
19  current," "large output current," etc.), and has not indicated that it has made any measurements in an
20  attempt to identify these voltages. Nanya states that these specific and relative values are express
21  claim elements, and must be defined in order to comply with the Local Rules. It further argues that
22  Renesas merely mimics claim language without providing support.

23  Renesas contends that it has specifically identified where in Nanya's products the elements
24  responsible for providing the current, voltage and amplitude levels are found.

25  The court finds Renesas disclosures in this area to be sufficient. As noted above, neither the
26  Local Rules or the court's order require Renesas to provide values for the voltages and amplitude
27  levels it identifies. It must only identify where these elements are found in the accused
28  products—which it has done. In the November 10 order, the court found that Renesas had not

merely parroted claim language, and thus did not require Renesas to alter its language in order to comply with the Local Rules.

### 3. Contentions for the '520 and '037 Patents

#### i. Coupling

Finally, Nanya argues that Renesas has not identified the location where the "coupling" occurs. It asserts that "coupling" is a required element of many of the claims and must be identified in order to comply with the Local Rules.

Renesas retorts that it has clearly identified where the "coupling" or "cross coupling" occurs by identifying where the transistors that do the coupling are located.

After reviewing Renesas' diagrams, the court is satisfied that Renesas has sufficiently identified where the specified "coupling" or "cross coupling" takes place.

## CONCLUSION

Based on the foregoing, the court finds that Renesas' Second Amended Preliminary Infringement Contentions comply with the requirements of Local Patent Rule 3-1. Accordingly, Nanya's motion to strike is DENIED.

**IT IS SO ORDERED.**

Dated: 8/18/05

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

| | |
|---|---|
| R. Tulloss Delk | tullossdelk@quinnemanuel.com, alicemckinley@quinnemanuel.com |
| Stephen M. Geissler | sgeissler@jenner.com, jsalla@jenner.com |
| Donald R. Harris | dharris@jenner.com |
| Reginald J. Hill | rhill@jenner.com |
| Victoria F. Maroulis | vfm@quinnemanuel.com, sophiapope@quinnemanuel.com |
| Joseph Albert Saltiel | jsaltiel@jenner.com |
| Samuel B. Shepherd | sbs@quinnemanuel.com, patriciareilly@quinnemanuel.com |
| Terrence Joseph Truax | ttruax@jenner.com |
| Kaiwen Tseng | ktseng@orrick.com, hlee@orrick.com |
| Ronald L. Wanke | rwanke@jenner.com |
| Eric L. Wesenberg | ewesenberg@orrick.com, afreddie@orrick.com |
| Rowena Y. Young | ryoung@orrick.com, aako-nai@orrick.com, jeanchung@orrick.com, spak@orrick.com, sschultz@orrick.com |

\* Counsel are responsible for providing copies of this order to co-counsel who have not registered under the Court's ECF system.

Dated: 8/18/05

            /s/ RNR
          Chambers of Magistrate Judge Lloyd