1
2
3                                                          *E-Filed 8/26/05*
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT
8
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

                            SAN JOSE DIVISION
10

11   RENESAS TECHNOLOGY CORP.,              Case No. C03-05709 JF (HRL)

              Plaintiff,
12                                          **ORDER ON NANYA'S MOTION TO**
                                            **STRIKE RENESAS' PRODUCTION OF**
13        v.                                **PATENT PROSECUTION HISTORIES**
                                            **FOR FAILURE TO COMPLY WITH**
14   NANYA TECHNOLOGY CORP. and NANYA       **PATENT LOCAL RULE 3-2**
     TECHNOLOGY CORPORATION, USA,
15
              Defendants.
16
17   NANYA TECHNOLOGY CORP. and NANYA
     TECHNOLOGY CORPORATION, USA,
18
              Counterclaim Plaintiffs,
19
          v.
20
     RENESAS TECHNOLOGY CORP.,
21
              Counterclaim Defendant.
22

23
24        On August 23, 2005, this court heard the motion of defendant Nanya Technology Corporation

25   (Nanya) to strike Renesas' Patent Local Rule 3-2 Production of Patent Prosecution Histories.  Plaintiff

26   Renesas Technology Corporation (Renesas) opposed the motion.  Based upon the papers submitted,

     and the arguments of counsel, the court issues the following order.
27
     *//*
28

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**BACKGROUND**

Both parties are designers and manufacturers of semiconductors used in personal computers and other electronic devices. Renesas alleges that 160 Nanya products infringe seven of Renesas' patents for the design of circuitry for a type of semiconductor memory structure known as Random Access Memory ("RAM"). RAM is the basic memory component of personal computers.

To comply with its Patent Local Rule 3-2(c) obligations, Renesas obtained from the United States Patent and Trade Mark Office (USPTO) copies of the file histories for each of the seven patents in suit and produced them to Nanya. Nanya complained that this production was incomplete, because it did not include file histories for the "divisional," "continuation," and "continuation-in-part" applications and patents Renesas filed with the USPTO since first applying for its patents in the 1980's. The seven patents at issue in this case led to the filing of 25 such additional applications and patents, referred to here as "related" patents.[1]

Renesas agreed to produce the 25 additional file histories.[2] However, because the USPTO had lost five of the related patent file histories, Renesas had to collect the documents from a variety of different sources, including its own internal files and the files of the attorneys who originally prosecuted the patents.

Concerned about the disorderly nature of this production and believing that some file histories were incomplete, Nanya moved this court to compel Renesas to produce a complete file history for every asserted patent. This court ordered Renesas to "submit a declaration for each file history from the person(s) responsible for gathering the documents, explaining as to each as best as possible in what order the documents were stored and produced."

---

[1]"Divisional applications" separate out independent inventions disclosed in the original application that were not claimed during the prosecution of the original patent; "continuation-in-part applications" cover improved versions of the invention; and "continuation applications" involve the same invention as the original patent and are usually used to extend the time available to prosecute the patent.

[2]Renesas asserts that Patent Local Rule 3-2 did not required it to produce file histories for the 25 "related patents," but it did so to "avoid a fight" with Nanya on the issue. Nanya maintains that this broad production was required by the Rule. This court declines to decide whether Patent L.R. 3-2(c) requires the production of related patents. Because Renesas has already produced them, the issue is moot.

United States District Court
For the Northern District of California

1    In response, Renesas submitted the first Declaration of James B. Salla, dated November 19,

2    2004.[3]  This declaration describes in great detail the production of file histories by Renesas to Nanya.

3    The declaration does not dispute that some file histories were not available from the USPTO, but

4    states that Renesas has nonetheless produced to Nanya at least two sets of all 32 file histories in this

5    litigation.

6    Soon afterwards, Nanya objected to this court's order under Local Rule 72-2, urging the trial

7    judge to set it aside.  Judge Fogel overruled Nanya's objections, but also clarified the order:

8    Judge Lloyd's order would be clearly erroneous if it were construed as holding that
     Patent Local Rule 3-2(c) does not impose an obligation to produce or make available
9    for inspection and copying copies of the complete file histories for each patent in suit.
     A party accused of patent infringement would be unfairly hindered in the development
10   of its defense if it could not be assured that the file histories produced pursuant to
     Patent Local Rule 3-2(c) were complete and thus able to be relied upon.
11   Accordingly, the Court will construe Judge Lloyd's order as holding that Renesas is
     obligated to produce or make available for inspection and copying copies of the
12   complete file histories for each patent in suit and, in light of the disorganized condition
     in which the file histories apparently were produced, to provide a declaration that
13   those file histories are complete.

14   Renesas then submitted declarations from John C. Altmiller, Gregory E. Montone, and

15   Tetsuya Yaguchi, the patent prosecution attorneys who produced the outstanding file histories, and a

16   second declaration from James Salla.[4]  Each declarant stated that he had searched for and produced

17   copies of the requested file histories maintained in his respective office.  If nothing else, these

18   declarations make clear that Renesas has produced all relevant documents in its possession, custody

19   and control.

20   Nanya now moves the court to strike Renesas' Patent Local Rule 3-2 Production of Patent

21   Prosecution Histories.

22   //

23   //

24   //

25   //

26

27   [3]Attached as Exhibit K to the Young Declaration in support of Nanya's motion.

28   [4]Attached as Exhibit L to the Young Declaration, the Second Declaration of James Salla gives a slightly
     different account of Renesas' production than did his first declaration.

**DISCUSSION**

**I.      Legal Standard**

"With the 'Disclosure of Asserted Claims and Preliminary Infringement Contentions,' the party claiming patent infringement must produce to each opposing party or make available for inspection and copying . . . (c) A copy of the file history for each patent in suit."  PATENT L.R. 3-2.

**II.     Parties Argument**

Nanya argues that Renesas has not complied with the requirements of the Rule, and is in violation of this court's order as construed by the trial judge.  It claims that Renesas has not produced "complete" file histories for all 32 patents because some of the file histories appear to have missing pages, and others were not available from the USPTO.  In its Reply brief, Nanya lists specific items it believes are missing from three of these file histories.[5]  Nanya also states that it has no way to verify the completeness of file histories produced by other sources.   Despite the extensive descriptions of Renesas' production, Nanya argues that none of the declarations state explicitly that the file histories produced are actually complete.[6]

Nanya argues that it will be unfairly prejudiced by this alleged lack of complete file histories.  It asserts that file histories serve an extremely important function in patent litigation, particularly in the area of claim construction.  Finally, Nanya argues that public policy supports placing the burden on the patentee to maintain complete file histories so that it may not conveniently "lose" parts of the history that hurt its infringement claims.

Renesas responds that Patent L.R. 3-2 does not require it to certify that the file histories are "complete" as Nanya defines the word.  It argues that Nanya's demand that Renesas guarantee that it

_____

[5]Nanya states that its information about which pages are missing from the file histories "is based on slip sheets identifying missing pages placed in the file histories Nanya received from the USPTO."  It does not give specific missing pages for four of these allegedly incomplete file histories and provides no explanation for this omission.

[6]The exact bounds of Nanya's objections are difficult to ascertain.  Nanya complains that Renesas has failed to produce official USPTO file histories for all the related patents even though it knows the USPTO lost those five file histories.  It also complains that the official USPTO files are incomplete, as are some of the file histories produced from other sources.  Nanya even appears to take issue with the file histories Renesas compiled from documents Renesas received from Nanya itself.  Yet, it only lists three specific documents it alleges are missing from the production.

United States District Court

For the Northern District of California

has produced every piece of paper ever placed in USPTO file histories is unreasonable. Rather, Renesas interprets "complete" to mean that it must produce every page contained in the file histories provided to Renesas by the USPTO and other sources or kept by Renesas itself. In support, Renesas cites Fed. R. Civ. P. 34, which only requires the production of documents within one's possession, custody or control. It asserts that it has already produced all file histories available, and at most can be required to represent that it has no additional responsive documents.

Renesas also argues that Nanya has failed to show actual prejudice. It claims that Nanya's argument that it "may" be prejudiced by the incomplete file histories is insufficient.

After Nanya filed its Reply, Renesas requested leave from the court to file a surreply, claiming that the discussion of specific missing pages was a new argument to which it did not have an opportunity to respond.[7] Renesas maintains that there are no substantive documents missing from the file histories Nanya has identified.[8] For each allegedly missing document listed in Nanya's Reply brief, Renesas identifies where (by Bates number) in its production that document can be found.[9]

**III.    Analysis**

**A.    The Relationship Between the Patent Local Rules and the Federal Rules of Civil Procedure**

This motion raises the question of how the Patent Local Rules are meant to interact with the Federal Rules of Civil Procedure. As noted above, Fed. R. Civ P. 34 requires parties to produce only documents that are in their possession, custody, or control. The question, then, is whether the Patent Local Rules should be interpreted to require more.

---

[7]The court now grants that request.

[8]Renesas claims that "Nanya has no basis to complain about the remaining seven file histories [which it claims have missing pages]. . . . Nanya's basis for its allegations is the "slip sheets" generated by a third party copy service retained by Nanya suggesting that there might be missing pages in the file histories." Surreply at 1.

[9]In response to Renesas' request to file a surreply, Nanya filed an "Opposition to Plaintiff's Motion for Leave to File a Surreply." This document is nothing more than an attempt by Nanya to further argue the merits of its motion to strike—to have the last word rather than cede it to Renesas. In this opposition, Nanya attempts to rebut Renesas' explanation of where the allegedly missing pages may be found. For example, Nanya states that it "cannot confirm that [the document found at Bates No. NTC 4160] is indeed the missing [Information Disclosure Statement]." Nanya also restates its primary complaint that Renesas has not attested to the completeness of the file histories and has not produced official USPTO files for five of the related patents.

United States District Court

For the Northern District of California

1   Civil Local Rule 1-2 states: "These local rules supplement the applicable Federal Rules.  They
2   shall be construed so as to be consistent with the Federal Rules."  By implication, this statement would
3   seem to apply with equal force to the Patent Local Rules.  The limitations that govern the Federal
4   Rules of Civil Procedure should also govern the Patent Local Rules.  Accordingly, Patent L.R. 3-2
5   cannot be read to require Renesas to produce documents outside its possession, custody, or control,
6   and certainly not documents that do not exist.

7            **B.        The Court's Prior Order as Construed by the Trial Court**

8            This court interprets "complete" as used in Judge Fogel's order to mean that Renesas is
9    required to produce every file history document in its possession, custody and control.  Renesas has
10   done so, and has attested to that fact.  It has produced file histories for the patents-in-suit.  It has also
11   produced file histories for the 25 related patents, either from the USPTO or from other sources
12   (including discovery it received from Nanya).  Renesas has explained the method of its production,
13   and has provided declarations stating that it has produced all file history information available.

14           Nanya has neither convincingly demonstrated that the production is incomplete, nor that it will
15   be prejudiced by the absence of the allegedly missing documents.  The fact that Renesas did not
16   produce "official" file histories for five of the related patents is not noncompliance— Renesas has
17   provided these file histories from other sources.  Nor is it enough that Nanya's copy service reports
18   missing pages.  For each document Nanya alleges is missing from a file history, Renesas responds with
19   a Bates number where it says that document can be found.  Without better proof that some documents
20   are in fact missing, this court has no basis upon which to conclude that the production is incomplete,
21   much less prejudicially incomplete.  Renesas understandably refuses to swear to facts that it cannot
22   verify.

23           This is particularly true for file histories produced by the USPTO.  Nanya appears to take
24   issue with the completeness of some of these file histories.  However, the court fails to see why
25   Renesas must swear to the completeness file histories obtained from the USPTO, especially since
26   Nanya is not claiming that Renesas is intentionally concealing documents.

27   //

28   //

**United States District Court**
For the Northern District of California

6

1     As for the file histories produced from sources other than the USPTO, Renesas is not required

2  to swear that these file histories are complete.  The best it can do is verify that it has produced all

3  documents in its possession, custody and control.

4                                        **CONCLUSION**

5     In sum, Nanya has not convinced the court that Renesas' production is incomplete.  Even if

6  Nanya had succeeding in doing so, the court concludes that it could not require Renesas to do more.

7  Nanya's motion is DENIED.

8     **IT IS SO ORDERED.**

9  Dated:  8/26/05                                                    /s/ Howard R. Lloyd

10                                                   HOWARD R. LLOYD
                                                     UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**

For the Northern District of California

**United States District Court**
For the Northern District of California

1 | THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

2 | R. Tulloss Delk           tullossdelk@quinnemanuel.com,
alicemckinley@quinnemanuel.com

3

4 | Stephen M. Geissler      sgeissler@jenner.com, jsalla@jenner.com

Donald R. Harris          dharris@jenner.com

5

6 | Reginald J. Hill           rhill@jenner.com

7 | Victoria F. Maroulis      vfm@quinnemanuel.com, sophiapope@quinnemanuel.com

8 | Joseph Albert Saltiel     jsaltiel@jenner.com

Samuel B. Shepherd      sbs@quinnemanuel.com, patriciareilly@quinnemanuel.com

9

10 | Terrence Joseph Truax    ttruax@jenner.com

Kaiwen Tseng           ktseng@orrick.com, hlee@orrick.com

11

12 | Ronald L. Wanke        rwanke@jenner.com

13 | Eric L. Wesenberg       ewesenberg@orrick.com, afreddie@orrick.com

14 | Rowena Y. Young         ryoung@orrick.com, aako-nai@orrick.com,
jeanchung@orrick.com, spak@orrick.com, sschultz@orrick.com

15

16 | * Counsel are responsible for providing copies of this order to co-counsel who have not registered under the Court's ECF system.

17

18 | Dated:  8/26/05

19 | _____/s/  RNR_____
Chambers of Magistrate Judge Lloyd

20

21

22

23

24

25

26

27

28